**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIE LEE JEFFERSON,

               Petitioner - Appellant,

   v.

GREGORY SMITH; et al.,

               Respondents - Appellees.

No. 08-15964

D.C. No. 3:02-CV-00023-PMP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

   Nevada state prisoner Willie Lee Jefferson appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jefferson contends that he received ineffective assistance of counsel because his trial counsel failed to raise a double jeopardy challenge during his second trial after the trial court had granted his prior motion for a mistrial. The Nevada court's conclusion that Jefferson did not receive ineffective assistance because dismissal on double jeopardy grounds was unwarranted as Jefferson requested the mistrial and the prosecutor did not intend to provoke it was not contrary to, or an unreasonable application of, clearly established Supreme Court law, and was not an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982).

Jefferson also contends that he received ineffective assistance of counsel because his counsel failed to obtain an eyewitness identification expert to testify at trial. The Nevada court's conclusion that Jefferson failed to demonstrate that he was prejudiced by the lack of such expert testimony was also not contrary to, or an unreasonable application of, clearly established Supreme Court law, and was not an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d); *see also Strickland*, 466 U.S. at 694; *cf. United States v. Labansat*, 94 F.3d 527, 530 (9th Cir. 1996).

**AFFIRMED.**